JONES, Justice
(dissenting).
I respectfully dissent. Blake was incarcerated from February 2, 1982, till August 11, 1983, awaiting trial (18 months, 10 days). None of the delays (justified or unjustified) except for two months, was occasioned by the Defendant. The Court of Criminal Appeals reduces the period of delay “attributable to the State [to] only 9V2 months” by counting from the time of Defendant’s “speedy trial” objection to the continuance granted November 1, 1982. What the Court of Criminal Appeals is saying is that, while only a two-month delay is attributable to the Defendant, only the last half of the total period between indictment and trial is reviewable when testing Defendant’s “speedy trial” challenge. This includes the last five of a total of six delays granted at the request of the State.
I have no quarrel with the Court of Criminal Appeals’ analysis as summarized above. Indeed, I further agree that the trial court’s order of November 29, 1982, denying Defendant’s objection and “speedy trial” demand was without error. From that point forward, however, it is my opinion that this Court’s affirmance of the Court of Criminal Appeals’ judgment overlooks one essential element in the requisite test of Defendant’s constitutional right to a speedy trial: the reason for each delay requested by the State and the State’s conduct with respect to its stated grounds for each such delay.
1) The first continuance was granted November 1, 1981, on the express condition that the “State would be prepared to try Blake as soon as it completed the trial of the co-defendant.”
2) Implicit in the State’s motion on January 10, 1983, requesting a continuance to April 1983, is its noncompliance with the explicit terms of the earlier order of continuance. This second of the last five requests for delay was grounded on the State’s desire to consolidate Blake’s case with those of the co-defendants pursuant to Rule 15.4(b), A.R.Crim.P.
*1305 3) At the call of the April docket, with more than sufficient time to comply with the consolidation rule’s seven-day requirement, the State requested an additional seven days in order to effect the appropriate consolidation order.
4) At the end of that seven-day period, the State requested another continuance in order to comply with the rule’s requirement regarding the number of veniremen.
5) Again, on the setting of the case for trial, the State requested and was granted a nine-day delay pursuant to Rule 15.4.
So struck with the severity of the cumulative adverse effect of these circumstances, the Court of Criminal Appeals was moved to observe: “In short, we believe that the nine and one-half month delay after November 1982 must be attributed solely to the prosecution and must be weighed heavily against the State.”
Furthermore, as to the “Defendant’s Assertion of [his] Rights,” the Court of Criminal Appeals commented: “In accordance with Barker’s admonition that we should weigh ‘the frequency and force of the objections (to delay) as opposed to attaching significant weight to a purely pro forma objection,’ 407 U.S. at 529, we find that Blake strenuously asserted his rights and we conclude that this factor should weigh in his favor.”
In spite of the obvious accuracy of these findings (indeed, both of these observations are understatements), coupled with Defendant’s 18-month incarceration, the Court of Criminal Appeals nonetheless concluded that Defendant had not been prejudiced. If the totality of these circumstances falls short of the denial of a speedy trial, then I confess my gross misunderstanding of this constitutional guarantee.